1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The Honorable Tana Lin

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

ALYSHA HATHAWAY, an individual,

Plaintiff,

v.

AMERICAN AIRLINES, INC., a foreign
profit corporation doing business as
AMERICAN AIRLINES,

Defendant.

Case No. 2:25-cv-01325

ANSWER TO COMPLAINT

Defendant American Airlines, Inc. ("American") answers Plaintiff's Complaint as follows:

### I.    JURISDICTION AND VENUE

**COMPLAINT ¶1:**

This Court has jurisdiction over this action pursuant to RCW 2.08.010.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response.

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 1

**COMPLAINT ¶2:**

Venue is proper in this Court pursuant to RCW 4.12.020 because the acts and omissions alleged took place in King County, Washington and pursuant to RCW 4.12.025 because Defendant transacts business in King County, Washington.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response.

## II.    PARTIES

**COMPLAINT ¶3:**

Plaintiff Alysha Hathaway is a resident of Thurston County, Washington and worked for Defendant in King County, Washington.

**ANSWER:**

American admits that Plaintiff was employed by American in King County, Washington, for a period of time. American lacks sufficient information to respond to the remaining allegations and therefore denies them.

**COMPLAINT ¶4:**

Defendant American Airlines, Inc. is a foreign profit corporation doing business as American Airlines and American Airlines-ACM. Defendant regularly transacts business in King County, Washington and has offices for the transaction of business in King County, Washington at 17801 International Boulevard, SeaTac, Washington 98158; 19003 16th Avenue South, SeaTac, Washington 98188; and 10630 Northeast 8th Street, Bellevue, Washington 98004.

**ANSWER:**

American admits it is a Delaware and a Texas corporation and that it transacts business in King County, Washington. American denies the remaining allegations.

**COMPLAINT ¶5:**

Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 2

1   fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and

2   capacities of the fictitiously named defendants when their true names and capacities have been

3   ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named

4   defendants is legally responsible in some manner for the events and occurrences alleged herein,

5   and for the damages suffered by Plaintiff.

6   **ANSWER:**

7          American lacks sufficient information to respond to these allegations and therefore denies

8   them.

9                         **III.    STATEMENT OF FACTS**

10  **COMPLAINT ¶6:**

11         On or about June 1, 2015, American Airlines hired Ms. Hathaway as a Customer Service

12  Agent.

13  **ANSWER:**

14         Admitted.

15  **COMPLAINT ¶7:**

16         Ms. Hathaway suffers from anxiety and depression and takes antidepressant medication.

17  **ANSWER:**

18         American lacks sufficient information to respond to these allegations and therefore denies

19  them.

20  **COMPLAINT ¶8:**

21         Ms. Hathaway gave notice of her disability to American Airlines.

22  **ANSWER:**

23         American lacks sufficient information to respond to the allegation of "her disability" and

24  therefore denies it.

25

26

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 3

1

**COMPLAINT ¶9:**

2

From approximately 2022 to 2023, Ms. Hathaway was repeatedly verbally and physically

3

assaulted at work by her supervisor, Ms. Katherine Barcelona.

4

**ANSWER:**

5

American admits that it received an anonymous report alleging inappropriate interactions

6

against Plaintiff by a coworker, Ms. Barcelona, including verbal and physical elements of those

7

alleged interactions. Upon receipt of said report, American investigated and Plaintiff reported

8

verbal and physical interactions with Ms. Barcelona. The remaining allegations are legal

9

conclusions that do not require a response.

10

**COMPLAINT ¶10:**

11

Ms. Barcelona worked for American Airlines as a Customer Service Supervisor.

12

**ANSWER:**

13

Denied.

14

**COMPLAINT ¶11:**

15

As supervisor, Ms. Barcelona was in control of Ms. Hathaway's schedule.

16

**ANSWER:**

17

Denied.

18

**COMPLAINT ¶12:**

19

Ms. Barcelona frequently scheduled them to work together and alone.

20

**ANSWER:**

21

Denied.

22

**COMPLAINT ¶13:**

23

Ms. Barcelona frequently physically assaulted Ms. Hathaway at work, including stabbing

24

her with pens and sharp objects, throwing objects at her face and head, pulling her hair by the

25

ponytail, and pinching her arms, leaving her bruises.

26

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 4

**ANSWER:**

American admits that in the course of its investigation into the allegations, Plaintiff reported to American interactions she alleged she had with her coworker, Ms. Barcelona, and that those reports included verbal and physical elements of those alleged interactions. American lacks sufficient information to respond to any remaining allegations and therefore denies them.

**COMPLAINT ¶14:**

Toward the end of 2022, the severity of Ms. Barcelona's physical assaults on Ms. Hathaway increased.

**ANSWER:**

American admits that in the course of its investigation into the allegations, Plaintiff reported to American interactions she alleged she had with her coworker, Ms. Barcelona, and that those reports included physical elements of those alleged interactions. American lacks sufficient information to respond to any remaining allegations and therefore denies them.

**COMPLAINT ¶15:**

Ms. Barcelona frequently slapped, punched, and kicked Ms. Hathaway.

**ANSWER:**

American admits that in the course of its investigation into the allegations, Plaintiff reported to American interactions she alleged she had with her coworker, Ms. Barcelona, and that those reports included physical elements of those alleged interactions. American lacks sufficient information to respond to any remaining allegations and therefore denies them.

**COMPLAINT ¶16:**

Ms. Barcelona dug her nails into Ms. Hathaway's arms.

**ANSWER:**

American admits that in the course of its investigation into the allegations, Plaintiff reported to American interactions she alleged she had with her coworker, Ms. Barcelona, and

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1    that those reports included physical elements of those alleged interactions. American lacks

2    sufficient information to respond to any remaining allegations and therefore denies them.

3    **COMPLAINT ¶17:**

4         Other American Airlines employees witnessed these attacks.

5    **ANSWER:**

6         American admits that after the fact, some employees reported witnessing certain

7    interactions between Ms. Barcelona and Plaintiff. American lacks sufficient information to

8    respond to any remaining allegations and therefore denies them.

9    **COMPLAINT ¶18:**

10        Other American Airlines supervisors also witnessed these attacks.

11   **ANSWER:**

12        Denied.

13   **COMPLAINT ¶19:**

14        For instance, on or about October 29, 2022, Ms. Barcelona kicked Ms. Hathaway in the

15   back.

16   **ANSWER:**

17        American admits that in the course of its investigation into the allegations, Plaintiff

18   reported to American interactions she alleged she had with her coworker, Ms. Barcelona, and

19   that those reports included physical elements of those alleged interactions. American lacks

20   sufficient information to respond to any remaining allegations and therefore denies them.

21   **COMPLAINT ¶20:**

22        A supervisor, Mr. Gabe Vasquez, witnessed this assault.

23   **ANSWER:**

24        American denies Mr. Vasquez is a supervisor. American admits that in the course of its

25   investigation into the allegations, Mr. Vasquez reported witnessing interactions between

26

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 6

1  Ms. Barcelona and Plaintiff. Any remaining allegations are legal conclusions that do not require
2  a response.
3  **COMPLAINT ¶21:**
4      After her shift that day, Ms. Hathaway exchanged text messages with Mr. Vasquez,
5  complaining about the attack and the pattern of Ms. Barcelona's repeated physical assaults on
6  Ms. Hathaway.
7  **ANSWER:**
8      American responds that any text messages speak for themselves and thus these
9  allegations do not require a response.
10 **COMPLAINT ¶22:**
11     Ms. Barcelona was aware of Ms. Hathaway's mental health disorders and of her use of
12 antidepressants.
13 **ANSWER:**
14     American admits that in the course of investigating the allegations, Ms. Barcelona
15 confirmed that Plaintiff had informed her that she had certain mental health disorders and used
16 antidepressants. American lacks sufficient information to respond to any remaining allegations
17 and therefore denies them.
18 **COMPLAINT ¶23:**
19     Ms. Barcelona would often use this information to taunt Ms. Hathaway.
20 **ANSWER:**
21     American admits that in the course of its investigation into the allegations, Plaintiff
22 reported to American interactions she alleged she had with her coworker, Ms. Barcelona.
23 American lacks sufficient information to respond to any remaining allegations and therefore
24 denies them.
25
26

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 7

1    **COMPLAINT ¶24:**

2        For instance, Ms. Barcelona would publicly ask Ms. Hathaway if she had taken her

3    antidepressants that day.

4    **ANSWER:**

5        American admits that in the course of its investigation into the allegations, Plaintiff

6    reported to American interactions she alleged she had with her coworker, Ms. Barcelona.

7    American lacks sufficient information to respond to any remaining allegations and therefore

8    denies them.

9    **COMPLAINT ¶25:**

10        Ms. Hathaway began experiencing an increase in the frequency and severity of her

11    anxiety and depression symptoms. She felt nauseous at the thought of going to work with Ms.

12    Barcelona. She would hyperventilate on the way to work, requiring her to pull over on the side of

13    the freeway to catch her breath.

14    **ANSWER:**

15        American lacks sufficient information to respond to these allegations and therefore denies

16    them.

17    **COMPLAINT ¶26:**

18        On December 29, 2022, while Ms. Hathaway was conversing with coworkers, Ms.

19    Barcelona publicly insulted Ms. Hathaway's appearance, commenting that her hair and makeup

20    looked bad, she needed a haircut, and she should be embarrassed.

21    **ANSWER:**

22        American admits that in the course of its investigation into the allegations, Plaintiff

23    reported to American interactions she alleged she had with her coworker, Ms. Barcelona.

24    American lacks sufficient information to respond to any remaining allegations and therefore

25    denies them.

26

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

**COMPLAINT ¶27:**

Later that night Ms. Barcelona texted Ms. Hathaway to apologize for insulting her and hurting her feelings.

**ANSWER:**

American responds that any text messages speak for themselves and thus these allegations do not require a response.

**COMPLAINT ¶28:**

On or about February 4, 2023, while Ms. Hathaway was wrapping up work before a scheduled vacation, Ms. Barcelona approached her, poking her repeatedly and saying "hi." After Ms. Hathaway asked Ms. Barcelona to stop and to allow her to finish her work, Ms. Barcelona hit Ms. Hathaway in the arm with a large stack of papers. After Ms. Hathaway repeated her request for the behavior to stop, Ms. Barcelona mocked Ms. Hathaway by mimicking her requests for relief in a condescending tone.

**ANSWER:**

American admits that in the course of its investigation into the allegations, Plaintiff reported to American interactions she alleged she had with her coworker, Ms. Barcelona. American lacks sufficient information to respond to any remaining allegations and therefore denies them.

**COMPLAINT ¶29:**

After this shift, and once Ms. Hathaway got to her car, Ms. Hathaway sobbed for 20 minutes, terrorized and upset by Ms. Barcelona's continued mistreatment.

**ANSWER:**

American lacks sufficient information to respond to these allegations and therefore denies them.

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1  **COMPLAINT ¶30:**

2      On or about February 5, 2023, Ms. Hathaway texted Ms. Barcelona expressing how Ms.

3  Barcelona's mistreatment was negatively impacting Ms. Hathaway and asking her to stop. Ms.

4  Hathaway informed Ms. Barcelona that her actions were causing her to have anxiety attacks and

5  were detrimental to her mental health.

6  **ANSWER:**

7      American responds that any text messages speak for themselves and thus these

8  allegations do not require a response.

9  **COMPLAINT ¶31:**

10      Ms. Hathaway highlighted that Ms. Barcelona's abuse felt especially harsh because Ms.

11  Barcelona knew that Ms. Hathaway struggled with depression and anxiety.

12  **ANSWER:**

13      American responds that any text messages speak for themselves and thus these

14  allegations do not require a response.

15  **COMPLAINT ¶32:**

16      Ms. Barcelona apologized for hitting and insulting Ms. Hathaway.

17  **ANSWER:**

18      American responds that any text messages speak for themselves and thus these

19  allegations do not require a response.

20  **COMPLAINT ¶33:**

21      On or about February 10, 2023, Ms. Barcelona was promoted to Customer Service

22  Manager.

23  **ANSWER:**

24      Admitted.

25

26

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 10

1    **COMPLAINT ¶34:**

2    On March 21, 2023, Ms. Hathaway's shop steward, Patty Turpin, anonymously reported

3    Ms. Barcelona's mistreatment of Ms. Hathaway to Human Resources.

4    **ANSWER:**

5    American admits that it received an anonymous complaint on March 21, 2023, but lacks

6    sufficient information to respond to the remaining allegations and therefore denies them.

7    **COMPLAINT ¶35:**

8    American Airlines subsequently reached out to Ms. Hathaway. Despite initial fears of

9    what could happen to her as a member of a small work team, Ms. Hathaway emailed her HR

10   representative Jody Manuele with all the details regarding the assaults she endured.

11   **ANSWER:**

12   American admits that it did contact Plaintiff regarding the anonymous complaint and that

13   she communicated with HR Generalist Jody Manuele, but lacks sufficient information to respond

14   to the remaining allegations and therefore denies them.

15   **COMPLAINT ¶36:**

16   Following this report, an investigation into Ms. Barcelona began.

17   **ANSWER:**

18   American admits that, following the complaint in ¶34, it investigated the allegations in

19   the complaint.

20   **COMPLAINT ¶37:**

21   On March 22, 2023, Ms. Hathaway complained to her manager, Mr. Rayfrankie

22   Concepcion, about Ms. Barcelona's harassment.

23   **ANSWER:**

24   American lacks sufficient information to respond to the allegations regarding a discussion

25   between Plaintiff and Mr. Rayfrankie Concepcion, and therefore denies the same. The remaining

26   allegations are legal conclusions that do not require a response.

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 11

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1

**COMPLAINT ¶38:**

2

Mr. Concepcion instructed Ms. Hathaway to email him details regarding Ms. Barcelona's

3

behavior.

4

**ANSWER:**

5

American lacks sufficient information to respond to the allegations about instructions Mr.

6

Concepcion may have given to Ms. Barcelona, and therefore denies the same.

7

**COMPLAINT ¶39:**

8

Ms. Hathaway complied, marking the subject line of the email as "For you only."

9

**ANSWER:**

10

American responds that any email message speaks for itself and thus these allegations do

11

not require a response.

12

**COMPLAINT ¶40:**

13

After a few days of no response, Ms. Hathaway asked Mr. Concepcion if he had read the

14

email. He responded that he was reading the email.

15

**ANSWER:**

16

American lacks sufficient information to respond to these allegations and therefore denies

17

them.

18

**COMPLAINT ¶41:**

19

Ms. Hathaway never heard anything else from Mr. Concepcion again.

20

**ANSWER:**

21

American lacks sufficient information to respond to these allegations and therefore denies

22

them.

23

**COMPLAINT ¶42:**

24

He subsequently blocked her on Instagram and other social media platforms.

25

26

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 12

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1  **ANSWER:**

2        American lacks sufficient information to respond to these allegations and therefore denies

3  them.

4  **COMPLAINT ¶43:**

5        As Ms. Hathaway later learned, Mr. Concepcion shared the details of her email with non-

6  managerial employees.

7  **ANSWER:**

8        American lacks sufficient information to respond to these allegations and therefore denies

9  them.

10  **COMPLAINT ¶44:**

11        Mr. Concepcion also instructed Ms. Hathaway's coworkers to block her on social media

12  platforms.

13  **ANSWER:**

14        American lacks sufficient information to respond to these allegations and therefore denies

15  them.

16  **COMPLAINT ¶45:**

17        Ms. Hathaway noticed that her coworkers and managers suddenly began avoiding her.

18  **ANSWER:**

19        American lacks sufficient information to respond to these allegations and therefore denies

20  them.

21  **COMPLAINT ¶46:**

22        Her managers stopped answering her calls or emails.

23  **ANSWER:**

24        American lacks sufficient information to respond to these allegations and therefore denies

25  them.

26

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 13

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1

**COMPLAINT ¶47:**

2

3
Ms. Hathaway also learned that other employees, including coworkers and managers, were gossiping about her and the investigation. They criticized Ms. Hathaway for not reporting the abuse sooner and for waiting until Ms. Barcelona became a manager.

4

5

**ANSWER:**

6

7
American lacks sufficient information to respond to these allegations and therefore denies them.

8

**COMPLAINT ¶48:**

9

10
Managers shared Ms. Hathaway's emails about the harassment she suffered with her coworkers.

11

**ANSWER:**

12

13
American lacks sufficient information to respond to these allegations and therefore denies them.

14

**COMPLAINT ¶49:**

15

16

17
On March 23, 2023, Ms. Hathaway went on leave due to the stress of the investigation against Ms. Barcelona, as it quickly became apparent that Ms. Hathaway's fears of retaliation from her coworkers and supervisors were coming to fruition.

18

**ANSWER:**

19

20

21
American admits that Plaintiff initiated a leave on or about March 23, 2023. American denies that it retaliated against Plaintiff. American lacks sufficient information to respond to the remaining allegations and therefore denies them.

22

**COMPLAINT ¶50:**

23
Ms. Hathaway was placed on leave without pay.

24

**ANSWER:**

25
American admits that Plaintiff was placed on unpaid leave after she requested the same.

26

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

**COMPLAINT ¶51:**

On April 12, 2023, American Airlines fired Ms. Barcelona. However, American Airlines made no attempt to prevent retaliation against Ms. Hathaway.

**ANSWER:**

American terminated Ms. Barcelona's employment on or about April 7, 2023. American denies the remaining allegations.

**COMPLAINT ¶52:**

Her coworkers continued to talk about this situation behind her back, saying that Ms. Hathaway purposefully waited until Ms. Barcelona was promoted to bring this complaint. On information and belief, one coworker, Ana Canlapan, said that Ms. Hathaway had done this to get a "pity party" and to have the summer off.

**ANSWER:**

American lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶53:**

Ms. Hathaway's managers completely stopped responding to her calls or emails.

**ANSWER:**

Denied.

**COMPLAINT ¶54:**

Ms. Hathaway could not get responses to basic questions, such as her request to extend her leave, or inquiries into why American Airlines failed to submit her wages and hours to the state of Washington for two years.

**ANSWER:**

Denied.

**COMPLAINT ¶55:**

This second issue disqualified her for Washington paid leave.

Seyfarth Shaw LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1    **ANSWER:**

2         American lacks sufficient information to respond to these allegations and therefore denies

3    them.

4    **COMPLAINT ¶56:**

5         Ms. Hathaway's managers also refused to respond to her concerns about returning to

6    work in an unwelcome and hostile work environment.

7    **ANSWER:**

8         Denied.

9    **COMPLAINT ¶57:**

10        She received no response from any manager, including American Airlines Seattle

11   General Manager Adam Diaz, regarding when she could return to work.

12   **ANSWER:**

13        Denied.

14   **COMPLAINT ¶58:**

15        In May 2023, Ms. Hathaway received an automated message that she was invited to

16   participate in the shift bid process, which is how American Airlines employees request their

17   preferred schedule.

18   **ANSWER:**

19        American lacks sufficient information to respond to these allegations and therefore denies

20   them.

21   **COMPLAINT ¶59:**

22        Based on this email, Ms. Hathaway believed her start day would be the first day of their

23   new bid, which was June 5, 2023.

24   **ANSWER:**

25        American lacks sufficient information to respond to these allegations and therefore denies

26   them.

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 16

1

**COMPLAINT ¶60:**

2

Ms. Hathaway selected her shift choices with no issues.

3

**ANSWER:**

4

American lacks sufficient information to respond to these allegations and therefore denies

5

them.

6

**COMPLAINT ¶61:**

7

American Airlines administrator Fleur Lawrence emailed Ms. Hathaway, informing her

8

the shift bid email was sent to her by accident.

9

**ANSWER:**

10

American admits Plaintiff was not eligible to bid for shifts. With respect to the remaining

11

allegations, American responds that any email message speaks for itself and thus these

12

allegations do not require a response.

13

**COMPLAINT ¶62:**

14

Lawrence told Ms. Hathaway she was not permitted to bid for shifts.

15

**ANSWER:**

16

American admits Plaintiff was not eligible to bid for shifts. With respect to the remaining

17

allegations, American responds that any email message speaks for itself and thus these

18

allegations do not require a response.

19

**COMPLAINT ¶63:**

20

Lawrence wrote that he believed that Mr. Concepcion had previously contacted Ms.

21

Hathaway to ask her not to participate in the shift bid process.

22

**ANSWER:**

23

American admits Plaintiff was not eligible to bid for shifts. With respect to the remaining

24

allegations, American responds that any email message speaks for itself and thus these

25

allegations do not require a response.

26

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 17

1  **COMPLAINT ¶64:**

2      Ms. Hathaway had not received any communication from Mr. Concepcion, about the

3  shift bidding process, or anything else, since March 2023.

4  **ANSWER:**

5      American lacks sufficient information to respond to these allegations and therefore denies

6  them.

7  **COMPLAINT ¶65:**

8      On June 10, 2023, American Airlines constructively terminated Ms. Hathaway's

9  employment.

10 **ANSWER:**

11     Denied.

12 **COMPLAINT ¶66:**

13     Ms. Hathaway sent notice of this termination to Adam Diaz of American Airlines.

14 **ANSWER:**

15     Denied.

16 **COMPLAINT ¶67:**

17     In this letter, Ms. Hathaway explained that she was placed on leave without pay after the

18 harassment investigation was initiated wherein she was the victim of harassment.

19 **ANSWER:**

20     American responds that any letter speaks for itself and thus these allegations do not

21 require a response.

22 **COMPLAINT ¶68:**

23     Ms. Hathaway explained that despite her numerous attempts to inquire about her

24 employment status and pay, American Airlines leadership refused to respond to her.

25

26

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 18

1  **ANSWER:**

2      American responds that any letter speaks for itself and thus these allegations do not

3  require a response.

4  **COMPLAINT ¶69:**

5      Ms. Hathaway felt compelled to end employment because of the intolerable working

6  conditions created by American Airlines.

7  **ANSWER:**

8      American denies it created intolerable working conditions. American lacks sufficient

9  information to respond to any remaining allegations and therefore denies them.

10              **IV.    CAUSES OF ACTION**

11              **FIRST CAUSE OF ACTION**
            **DISCRIMINATION (HOSTILE WORK ENVIRONMENT)**
12                  **VIOLATION OF THE WLAD**

13  **COMPLAINT ¶70:**

14      Plaintiff incorporates by reference all foregoing factual allegations and realleges them as

15  though fully set forth herein.

16  **ANSWER:**

17      American incorporates its foregoing responses to Plaintiff's allegations.

18  **COMPLAINT ¶71:**

19      Plaintiff is a member of a protected class on account of her disabilities.

20  **ANSWER:**

21      This paragraph contains legal conclusions that do not require a response.

22  **COMPLAINT ¶72:**

23      Plaintiff was harassed by her supervisor on account of her membership to her protected

24  class.

25

26

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 19

1   **ANSWER:**

2   This paragraph contains legal conclusions that do not require a response. To the extent a

3   response is required, American denies the allegations.

4   **COMPLAINT ¶73:**

5   Plaintiff's harassment was unwelcome.

6   **ANSWER:**

7   This paragraph contains legal conclusions that do not require a response. To the extent a

8   response is required, American denies the allegations.

9   **COMPLAINT ¶74:**

10   Plaintiff was harassed by a supervisor who had the authority and power to affect her

11   hours, wages, and working conditions.

12   **ANSWER:**

13   This paragraph contains legal conclusions that do not require a response. To the extent a

14   response is required, American denies the allegations.

15   **COMPLAINT ¶75:**

16   Defendant authorized, knew, or should have known of the harassment and failed to take

17   reasonably prompt and adequate corrective action.

18   **ANSWER:**

19   This paragraph contains legal conclusions that do not require a response. To the extent a

20   response is required, American denies the allegations.

21   **COMPLAINT ¶76:**

22   Plaintiff's harassment was so severe or pervasive that it altered the conditions of her

23   employment.

24   **ANSWER:**

25   This paragraph contains legal conclusions that do not require a response. To the extent a

26   response is required, American denies the allegations.

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 20

1

2

**SECOND CAUSE OF ACTION**
**RETALIATION**
**VIOLATION OF THE WLAD**

3

**COMPLAINT ¶77:**

4

Plaintiff incorporates by reference all foregoing factual allegations and realleges them as

5

though fully set forth herein.

6

**ANSWER:**

7

American incorporates its foregoing responses to Plaintiff's allegations.

8

**COMPLAINT ¶78:**

9

Plaintiff engaged in a protected activity when she reported her supervisor's language and

10

conduct that she reasonably believed to be discrimination or harassment.

11

**ANSWER:**

12

This paragraph contains legal conclusions that do not require a response. To the extent a

13

response is required, American denies the allegations.

14

**COMPLAINT ¶79:**

15

Defendant was aware of Plaintiff's engagement in the protected activity.

16

**ANSWER:**

17

This paragraph contains legal conclusions that do not require a response. To the extent a

18

response is required, American admits that Plaintiff made a complaint and denies any remaining

19

allegations.

20

**COMPLAINT ¶80:**

21

Shortly after Plaintiff engaged in the protected activity, Defendant took an adverse

22

employment action against Plaintiff.

23

**ANSWER:**

24

Denied.

25

26

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 21

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶81:**

Plaintiff was performing satisfactory work leading up to and at the time of Defendant's adverse employment actions.

**ANSWER:**

American lacks sufficient information to respond to these allegations and therefore denies them.

**COMPLAINT ¶82:**

Plaintiff's engagement in the protected activity was a substantial factor in Defendant's adverse employment actions.

**ANSWER:**

American denies that it took an adverse action against Plaintiff. The remaining allegations are legal conclusions that do not require a response.

**THIRD CAUSE OF ACTION**
**WRONGFUL TERMINATION**
**VIOLATION OF PUBLIC POLICY**

**COMPLAINT ¶83:**

Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

**ANSWER:**

American incorporates its foregoing responses to Plaintiff's allegations.

**COMPLAINT ¶84:**

Defendant constructively terminated Plaintiff for reasons that contravene a clear mandate of public policy as established by prior judicial decisions or constitutional, statutory, or regulatory provisions or schemes.

**ANSWER:**

Denied.

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**COMPLAINT ¶85:**

Washington law recognizes a tort claim for wrongful termination in violation of public policy where employees are discharged in retaliation for reporting employer misconduct, i.e., whistleblowing. *Martin v. Gonzaga Univ.,* 191 Wn.2d 712, 723 (2018).

**ANSWER:**

This paragraph contains legal conclusions that do not require a response.

**COMPLAINT ¶86:**

Washington has a clear public policy mandate to protect victim's of battery or assault and to protect employees who report their employer's unlawful harassment or discrimination.

**ANSWER:**

This paragraph contains legal conclusions that do not require a response.

**COMPLAINT ¶87:**

Plaintiff reported her supervisor's discrimination, harassment, and verbal and physical abuse.

**ANSWER:**

American admits that Plaintiff made a report against coworker Ms. Barcelona, which was investigated. Any remaining allegations are legal conclusions that do not require a response. To the extent further response is required, American denies the allegations.

**COMPLAINT ¶88:**

Shortly after Plaintiff reported her employer's misconduct, Defendant constructively terminated Plaintiff by making the working conditions so intolerable that she felt compelled to resign.

**ANSWER:**

Denied.

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1  **COMPLAINT ¶89:**

2      Plaintiff was performing satisfactory work leading up to and at the time of her

3  termination.

4  **ANSWER:**

5      American lacks sufficient information to respond to these allegations and therefore denies

6  them.

7  **COMPLAINT ¶90:**

8      Plaintiff's report of her supervisor's misconduct was a substantial factor in Defendant's

9  termination of Plaintiff.

10 **ANSWER:**

11     Denied.

12                    **V.    REQUEST FOR RELIEF**

13     Based on the foregoing, Plaintiff asks this Court for the following relief:

14     a.     Lost back pay and benefits in amounts to be established at trial;

15     b.     Lost front pay and benefits in amounts to be established at trial;

16     c.     Emotional distress and mental anguish damages, including but not limited to

17 humiliation, fear, and anxiety in amounts to be established at trial;

18     d.     Attorneys' fees and costs under RCW 49.48.030 or as otherwise allowed by law;

19     e.     Prejudgment interest; and

20     f.     Any additional relief which the Court finds equitable, appropriate, or just.

21 **ANSWER:**

22     This paragraph contains a prayer for relief that does not require a response. To the extent

23 a response is required, American denies it is liable to Plaintiff for any damages or relief.

24                    **AFFIRMATIVE OR OTHER DEFENSES**

25

26     1.     **Failure to State a Claim.** Plaintiff fails to state a claim upon which relief may be

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 24

granted.

2.      **Failure to Mitigate.**  Plaintiff failed or refused to mitigate her alleged damages or, alternatively, Plaintiff's claims for damages must be offset and/or reduced by any wages, compensation, pay, or benefits, or other earnings, remunerations, profits, and benefits received.

3.      **Failure to Exhaust Internal Remedies.**  American has valid and appropriate anti-discrimination, anti-harassment, and anti-retaliation policies that include mechanisms for the internal reporting of complaints; the policies were communicated to Plaintiff; and Plaintiff failed or refused to fully exhaust the available options under those policies or fully exhaust measures intended to resolve her alleged concerns.

4.      **Avoidable Consequences.**  To the extent Plaintiff has any claim for relief, which American denies, any such claim is barred in whole or in part by her failure to undertake reasonable measures to avoid the consequences of the alleged actions about which she complains.

5.      **Legitimate Non-Discriminatory, Non-Retaliatory Reasons.**  American undertook all challenged actions for legitimate non-discriminatory and non-retaliatory reasons.

6.      **No vicarious liability.**  To the extent Plaintiff alleges that any of American's employees acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by American, and was undertaken without American's knowledge or consent.

7.      **Laches.**  Plaintiff's claims are barred in whole or in part by the doctrine of laches.

8.      **Statute Of Limitations.**  Plaintiff's claims are barred to the extent that the underlying events preceded the applicable statute of limitations period.

**9.    Legitimate Business Reason.**  If some impermissible motive were a factor in any employment decision concerning Plaintiff (which American denies), the same decision(s) would have been reached for legitimate business reasons.

**10.    Established Anti-Discrimination Programs.**  Throughout the relevant period, American maintained and complied with well-established policies, programs, and procedures for the prevention and detection of unlawful harassment, discrimination, or retaliatory conduct by its employees.

**11.    Prompt, Effective Remedial Action.** American investigated and took steps reasonably calculated to stop any illegal harassment or discrimination when it became aware of Plaintiff's complaints.

**12.    Failure to Exhaust Administrative Remedies.**  To the extent Plaintiff failed to exhaust her administrative remedies and/or failed to comply with any procedural prerequisites prior to bringing her claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred. To the extent certain of Plaintiff's claims exceed the scope of any charge of discrimination she filed with the EEOC and/or Washington Human Rights Commission, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

**13.    Federal Preemption.**  Plaintiff's claims are preempted by federal law, including but not limited to 45 U.S.C. §§ 151, 181, *et seq.*

**14.    Reservation of Rights.**  American reserves the right to assert any additional defenses depending on any evidence discovered in this litigation.

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1

2    Respectfully submitted this July 22, 2025.

3                           SEYFARTH SHAW LLP

4

5                    By:    *s/ Nicholas A. Gillard-Byers*

6                           Nicholas A. Gillard-Byers, WSBA No.
                            45707
7                           999 Third Avenue, Suite 4700
                            Seattle, Washington 98104-4041
8                           Phone:    (206) 946-4910
                            Email:    ngillard-byers@seyfarth.com
9
                            *Counsel for Defendant American Airlines, Inc.*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 27

1

## CERTIFICATE OF SERVICE

2      I hereby declare that on this 22nd day of July, 2025, I caused a copy of ***ANSWER TO***

3  ***COMPLAINT*** to be filed via ECF e-filing system and emailed to the following:

4
       Patrick B. Reddy, WSBA No. 34092
5      Emery Reddy, PLLC
       600 Stewart Street, Suite 1100
6      Seattle, WA 98101
       P:  (206) 442-9106
7      reddyp@emeryreddy.com

8
       *Attorneys For Plaintiff*
9

10                         By: *s/ Jonathan Henley*
                              Jonathan Henley, Legal Secretary
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER TO COMPLAINT
[NO. 22:25-CV-01325] - 28